# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HERMAN V. TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv125 |
| | ) | |
| LEWIS SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the "Petition" (Docket Entry 73) filed by Plaintiff Herman Tate ("Tate"). For the reasons that follow, the Court will deny the Petition as moot.

## BACKGROUND

In February 2014, Tate commenced this action against three Albemarle Correctional officers, Lewis Smith ("Smith"), Richard Russell ("Russell"), and Wendy Brewton ("Brewton"), alleging that they illegally destroyed his property. (Docket Entry 2; see also Docket Entries 11, 66.) Through the United States Marshals Service (the "Marshals"), Tate effected service on Brewton and Russell in June and July of 2014. (Docket Entries 24, 25.) However, the Marshals could not serve Smith at the Albermarle Correctional address listed on the summons (Docket Entry 15 at 1)[1] because Smith "ha[d] retired from Albemarle CI" (Docket Entry 23 at 1). At

---

[1] Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists. In the absence of such pagination, the Docket Entry page citations utilize the CM/ECF footer's pagination.

Brewton and Russell's request (see Docket Entry 34), the Court (per United States District Judge Catherine C. Eagles) stayed this action pending resolution of related proceedings before the North Carolina Industrial Commission. (Docket Entry 40.) The stay remained in place until March 2016, at which time Tate filed an amended complaint. (See Text Order dated Mar. 11, 2016; see also Docket Entry 66.)

The following month, "Defendants Smith, Brewton and Russell" filed the "Answer to Amended Complaint Defendants Brewton, Russell, and Smith" (Docket Entry 70) (the "Answer"). In a footnote to its introductory paragraph, the Answer states:

> It does not appear that Defendant Smith has been served with process in this matter, nor has the undersigned entered a Notice of Appearance on his behalf. [D.E. #20, 23, 50] However, the undersigned has answered the Complaint with his inclusion out of an abundance of caution. Defendant Smith expressly reserves the right to challenge service of process.

(Id. at 1 n.1.) Nevertheless, the Answer fails to raise insufficiency of service of process as an affirmative defense. (See id. at 5-7 (pleading nine affirmative defenses, including "fail[ure] to state a cause of action upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (the "Rules"), but not challenging service of process under Rule 12(b)(5)).)

Thereafter, Tate filed the Petition, asking "to have [Defendant] Smith served" and noting that Tate "pa[id] the filing

fee to have [Defendant] Smith served." (Docket Entry 73.)[2] The Court deferred ruling on the Petition and directed Smith to file a memorandum "showing why the Court should not deem Defendant Smith to have waived any insufficient service of process defense by failing to assert such defense in [the] Answer or in any pre-answer motion to dismiss." (Text Order dated July 5, 2016 (the "Order").) The Court further ordered that "Defendant Smith's memorandum shall provide any authority that would support the view that the purported reservation of 'the right to challenge service of process' that appears in Footnote 1 of [the] Answer should impact the Court's enforcement of the waiver principles established by Federal Rule of Civil Procedure 12(h)." (Id.) In response, Smith filed "Defendant Smith's Response to 5 July 2016 (Text Only) Court Order" (Docket Entry 76) (the "Response"), "contend[ing] that the reservation noted in footnote 1 of Docket Entry 70 is sufficient to preserve his ability to challenge service in this matter and does not constitute a waiver of service" (id. at 7-8; see also id. at 8 ("[I]f the Court deems that Defendant Smith has waived this defense pursuant to Fed. R. Civ. P. 12(h), [his counsel] requests additional time to complete and file a waiver of service on behalf of Defendant Smith to cure the defect in service.")).

---

2    The Petition constitutes, at a minimum, Tate's third request for judicial assistance in serving Smith. (See, e.g., Docket Entries 26, 30.)

## DISCUSSION

### I.  Rule 12 Standards

A defendant "must . . . assert[]" an insufficient service of process defense in either his first responsive pleading or a motion made before such pleading.  Fed. R. Civ. P. 12(b).[3]  In so doing, the defendant must present his insufficiency of service defense "with some specificity."  <u>Patterson v. Whitlock</u>, 392 F. App'x 185, 193 (4th Cir. 2010).  Pursuant to Rule 12(h), a defendant waives his insufficiency of service defense if he "fail[s] to either: (i) make it by motion under [Rule 12]; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."  Fed. R. Civ. P. 12(h)(1).

As a leading federal treatise states, "the message conveyed by the present version of Rule 12(h)(1) seems quite clear.  It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process" (<u>i.e.</u>, the Rule 12(b)(2)-(5) defenses).  5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1391 (3d ed. 1998, Apr. 2016 update).  "Known as 'the "raise or waive" rule,' Rule 12(h) operates 'to expedite and simplify proceedings' by ensuring that parties do not 'delay[] consideration of th[e] threshold issue[s]'

---

3   As Smith's answer constitutes the relevant responsive pleading in this action, the Court henceforth utilizes the term "answer" rather than "responsive pleading" when discussing Rule 12(b).

identified in Rule 12(b)(2)-(5)." <u>Branson v. American Int'l</u> <u>Indus.</u>, No. 1:15cv73, 2016 WL 3190222, at *3 (M.D.N.C. June 7, 2016) (alterations in original) (first quoting <u>Plunkett v. Valhalla</u> <u>Inv. Servs., Inc.</u>, 409 F. Supp. 2d 39, 41 (D. Mass. 2006); then quoting <u>Yeldell v. Tutt</u>, 913 F.2d 533, 539 (8th Cir. 1990)), <u>adopted</u>, slip op. (M.D.N.C. June 27, 2016); <u>see also Manchester</u> <u>Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied</u> <u>Indus. Fund</u>, 967 F.2d 688, 691 (1st Cir. 1992) ("The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits.").

Thus, "defendants wishing to raise [a Rule 12(b)(5) insufficiency of service of process defense] **must do so in their first defensive move**, be it a Rule 12 motion or a responsive pleading." <u>Manchester Knitted Fashions</u>, 967 F.2d at 692 (emphasis in original; internal quotation marks omitted). Finally, in addition to losing an insufficiency of service defense under Rule 12(h)'s "strict waiver rule," <u>Glater v. Eli Lilly & Co.</u>, 712 F.2d 735, 738 (1st Cir. 1983), a defendant can also forfeit this defense by his conduct in the litigation. <u>Patterson</u>, 392 F. App'x at 193 (concluding that defendants waived their insufficiency of service of process defense by "fil[ing] an Answer that attacked the sufficiency of process in barebones fashion only, and then waited over a year before submitting a Rule 12 motion actually spelling

out the missing pages contention"); see also Branson, 2016 WL 3190222, at *3, *6 n.6 (discussing waiver principles and concluding that defendant relinquished Rule 12(b) defense).

**II. Smith's Response**

Smith devotes the majority of his Response to a recitation of this action's procedural history and a discussion of service principles. (Docket Entry 76 at 1-7.) In particular, Smith maintains that "[a] court cannot exercise personal jurisdiction over a party until it has been properly served in accordance with the applicable Rules." (Id. at 5.) Indeed, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

However, unlike subject matter jurisdiction, "personal jurisdiction is waivable," Rector v. Approved Fed. Sav. Bank, 265 F.3d 248, 253 n.2 (4th Cir. 2001), because it merely "represents a restriction on judicial power . . . as a matter of individual liberty," Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (ellipsis in original; internal quotation marks omitted). As such, "a party must insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority." Rector, 265 F.3d at 253 n.2 (internal quotation marks omitted); accord Ruhrgas, 526 U.S. at 584 (citing Rule 12(h)(1)); see also Porsche Cars N. Am., Inc. v. Porsche.net,

6

302 F.3d 248, 256 (4th Cir. 2002) (explaining that "personal jurisdiction is indubitably waived absent timely objection," and citing, inter alia, Rule 12(h)).  Accordingly, "[t]he Fourth Circuit has found that lack of service deprives the court of personal jurisdiction over the defendant, but that the defendant can waive the defense of lack of personal jurisdiction." In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., MDL No. 2327, Civ. Action No. 2:12-cv-05719, 2016 WL 1718826, at *2 (S.D. W. Va. Apr. 27, 2016) (first discussing Pusey v. Dallas Corp., 938 F.2d 498 (4th Cir. 1991); then discussing Foster v. Arletty 3 Sarl, 278 F.3d 409 (4th Cir. 2002)); see also Pardazi, 896 F.2d at 1317 ("Objections to service of process, however, like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought.").

Smith has never sought dismissal from this action on the grounds of insufficient service of process.  (See Docket Entries dated Feb. 10, 2014, to present.)  Nevertheless, Smith faults the Court for failing to dismiss him:  "At best, this Court was required to dismiss Defendant Smith after August 19, 2014, pursuant to Rule 4(m), but failed to do so" (Docket Entry 76 at 7).  Rule 4(m) provides that, "[i]f a defendant is not served within [a certain number of] days after the complaint is filed, the [C]ourt — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or

order that service be made within a specified time." Fed. R. Civ. P. 4(m).[4]  Hence, contrary to Smith's contention, Rule 4(m) provides two options for resolving tardy service:  dismissal or directing that service occur within a certain period.  See id.

Furthermore, the Court bears no obligation to initiate such action sua sponte.  See Pardazi, 896 F.2d at 1316 n.2 (concluding that district courts possess discretion to refrain from acting sua sponte regarding Rule 4(m) violations).  More importantly, when a defendant waives his insufficiency of service defense, the Court lacks authority to dismiss for failure to comply with Rule 4(m). See Pusey, 938 F.2d at 501 ("[D]espite Rule 4([m])'s conferral of sua sponte dismissal power on the district courts, a defendant's unexcused failure to raise the untimeliness of service defense by motion or answer must be held to deprive the court of that power, since a waiver of this defense constitutes a submission to personal jurisdiction of the court." (citing Pardazi, 896 F.2d at 1316-17 & n.2)); see also id. at 501 n.4 ("[A] party's waiver operates not only to cut off his right to raise the defense, but the court's power to invoke it." (citing Pardazi, 896 F.2d at 1316 n.2)).[5]

_____

4  Effective December 1, 2015, "[t]he presumptive time for serving a defendant [under Rule 4(m) wa]s reduced from 120 days to 90 days."  Fed. R. Civ. P. 4 advisory committee's notes, 2015 Amendment Subdivision (m).

5  At the time of the Pardazi and Pusey decisions, Rule 4(m) appeared as Rule 4(j) (and lacked the option of directing service within a specified period).  See Fed. R. Civ. P. 4 advisory committee's notes, 1993 Amendment Subdivision (m); see also Pusey,

8

Thus, the determinative question remains whether Smith waived his insufficiency of service defense. Notwithstanding the Order's explicit directive to "provide any authority that would support the view that the purported reservation of 'the right to challenge service of process' that appears in Footnote 1 of [the] Answer should impact the Court's enforcement of [Rule 12(h)] waiver principles" (Text Order dated July 5, 2016), the Response lacks such authority. (See Docket Entry 76.) Instead, Smith maintains:

> The Fourth Circuit has determined that "Rule 12(h) contemplates an implied waiver of personal jurisdiction by defendants who appear before a court to deny the allegations of a complaint, but fail to make personal jurisdiction objections at the time of their appearance." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) (citing *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 46 (4th Cir. 1968)). *See also Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. Md. 1991). However, here, the responsive pleading filed by the undersigned [D.E. #70] expressly notes that Defendant Smith had never been served with process in the action and states that Smith reserved the right to challenge the sufficiency of process in this action.

> Such conduct has been held to not rise to the level of waiving a Rule 12(b)(5) defense. "Defendants wishing to utilize Rule 12 need not accept the risks inherent in completely absenting themselves from all further proceedings," *Mills v. Brown & Wood, Inc.*, [No. 4:95-CV-32,] 1995 U.S. Dist. LEXIS 16137, 9-13 (E.D.N.C. Oct. 12, 1995) (citing *Clark v. City of Zebulon*, 156 F.R.D. 684 (N.D. Ga. 1993)). Rather, those district courts found actions, such as filing an answer, amending that answer, adopting a co-defendant's briefs, and participating in discovery, including attending depositions, were not waivers of defenses, pursuant to Rule 12(h), but rather that those actions constituted

---

938 F.2d at 500 n.1 (recounting Rule 4(j)); Pardazi, 896 F.2d at 1314 n.1 (same).

"'responsible representation by counsel who keeps its
options open and who is proceeding in the interest of
both his client and justice.'" *Id.* (quoting *Clark*, 156
F.R.D. at 694). *See also Richard v. Ivy Group Int'l,
Inc.*, [No. 3:10-cv-851,] 2011 U.S. Dist. LEXIS 51014, 6-8
(E.D. Va. [May 11,] 2011).

(Docket Entry 76 at 6-7 (emphasis in original).)

None of the decisions on which Smith relies involved attempted
reservations of the right to assert waivable defenses. To the
contrary, the Mills, Clark, and Richard defendants satisfied Rule
12(h)(1) by asserting their Rule 12(b) defenses in their answers
(Mills and Clark) or in a pre-answer dismissal motion (Richard).
See Richard, 2011 U.S. Dist. LEXIS 51014, at *5, *7; Mills, 1995
U.S. Dist. LEXIS 16137, at *2-3; Clark, 156 F.R.D. at 693. The
issue in those cases remained whether the defendants waived their
properly asserted Rule 12(b) defenses through their participation
in the litigation. See Richard, 2011 U.S. Dist. LEXIS 51014, at
*5-8; Mills, 1995 U.S. Dist. LEXIS 16137, at *8-10; Clark, 156
F.R.D. at 694. In other words, those decisions focus on implied
waivers by conduct, not prototypical Rule 12(h) waivers. See
Pusey, 938 F.2d at 501 ("[W]e hold that by failing to raise the
defense that service of process was untimely under Rule 4([m])
either in a pre-answer motion or, if no such motion is made, then
in its answer, a defendant waives that defense and submits to the
personal jurisdiction of the court under [Rule] 12(h)(1)(B)

. . . .").[6]  Accordingly, they provide no support for the
proposition that Smith's attempt to "reserve[] the right to
challenge service of process" (Docket Entry 70 at 1 n.1) allows him
to avoid Rule 12(h)(1)'s "strict waiver rule," <u>Glater</u>, 712 F.2d at
738.

## III.  Waiver Analysis

Having considered the Response's arguments, the Court now
looks to relevant federal decisions and the language and policy of
Rule 12 to determine whether Smith waived his insufficiency of

---

6  The passage from <u>Mills</u> upon which Smith relies makes this
reality clear:

> Defendant Jones' questioned conduct — filing an
> answer and amending it as a matter of course, adopting a
> co-defendant's briefs, and attending the deposition of
> plaintiff and her husband *after* amending the answer to
> assert the 12(b) defenses — does not rise to the level
> necessary to find waiver or estoppel.  These actions bear
> greater similarity to the facts of *Clark v. City of
> Zebulon*, 156 F.R.D. 684 (N.D. Ga. 1993).  Although the
> defendant in *Clark* asserted an insufficiency of service
> defense in its initial responsive pleading, plaintiff
> claimed the defense had been waived by the defendant's
> continuing participation in discovery and filing of a
> counter-claim.  But the Court "[found] these actions to
> constitute responsible representation by counsel who
> keeps its options open and who is proceeding in the
> interest of both his client and justice." *Id.*, at 694.
> Defendants wishing to utilize Rule 12 need not accept the
> risks inherent in completely absenting themselves from
> all further proceedings.  Accordingly, the Court will
> rule on the defenses asserted by Jones under Rule
> 12(b)(2), 12(b)(4), and 12(b)(5).

<u>Mills</u>, 1995 U.S. Dist. LEXIS 16137, at *9-10 (emphasis in
original).

service of process defense by failing to include this defense among his litany of affirmative defenses (see Docket Entry 70 at 5-7) and instead purporting to "expressly reserve[] the right to challenge service of process" (id. at 1 n.1).

As an initial matter, the Court notes that few federal decisions address whether attempts to "reserve the right" to raise affirmative defenses in a party's answer or pre-answer motion suffice to escape Rule 12(h)(1) waiver. Of the federal courts that have considered this issue, some reject wholesale the notion of reserving the right to bring waivable defenses. See Hager v. Graham, No. 5:05cv129, 2010 WL 753242, at *3 (N.D. W. Va. Mar. 2, 2010) ("A party may not reserve the right to raise a Rule 12(b)(2) motion at a later time. Fed. R. Civ. P. 12(h)."); Davis v. Shawnee Mission Med. Ctr., Inc., Civ. Action No. 07-2323, 2008 WL 4758591, at *8 n.8 (D. Kan. Oct. 27, 2008) ("[Defendant's answer] purported to reserve the right to assert any affirmative defense that arise through discovery. The Federal Rules of Civil Procedure do not recognize any such 'preservation of rights' . . . ." (citation omitted)), aff'd sub nom. Davis v. Liese, 353 F. App'x 95 (10th Cir. 2009). Other federal courts undertake a more exacting analysis before likewise concluding that parties cannot "reserve" the right to assert Rule 12(b) defenses. See Duro Textiles, LLC v. Sunbelt Corp., 12 F. Supp. 3d 221, 224-25 (D. Mass. 2014) (rejecting attempt to "reserve[] argument on" particular Rule 12(b)

12

defense in initial dismissal motion, explaining that "[defendant's] attempt to 'reserve[] argument' concerning another potential basis for dismissal was essentially an attempt to proceed piecemeal in contravention of Rule 12" (some internal quotation marks omitted; final alteration in original)); Hunter v. Serv-Tech, Inc., Civ. Action No. 07-9009, 2009 WL 2858089 (E.D. La. Aug. 28, 2009) (concluding, where defendants' Rule 12(b)(5) motion purported to "expressly reserve all rights to challenge the . . . personal jurisdiction of this [c]ourt over [d]efendant[s]," id. at *1, that defendants waived their Rule 12(b)(2) defense by failing to affirmatively argue and request dismissal on Rule 12(b)(2) grounds in their Rule 12(b)(5) motion).

The Court recognizes that at least one federal court has concluded that defendants salvaged their Rule 12(b)(4) and 12(b)(5) defenses from Rule 12(h)(1) waiver by "specifically reserv[ing] these defenses" in various motions. Jackson v. United States, 138 F.R.D. 83, 86 (S.D. Tex. 1991).[7] The Jackson opinion, however,

---

[7] In reaching this decision, the Jackson court relied on Panhandle Eastern Pipe Line Co. v. Brecheisen, 323 F.2d 79 (10th Cir. 1963), concluding that, as in Panhandle, "the specific reservation of Rule 12(b) defenses in the present case is sufficient to provide fair notice to [the plaintiff] and to have given him ample time to . . . 'discover, correct, and perfect [his] service.'" Jackson, 138 F.R.D. at 86 (ellipsis and final alteration in original) (quoting Panhandle, 323 F.2d at 83). Panhandle cannot bear the weight Jackson would place on it. To begin with, contrary to Jackson's depiction, the Panhandle defendant did more than just "reserve" the relevant defense: he affirmatively relied on it in his answer. Compare Jackson, 138 F.R.D. at 86 ("In this contract action brought by Panhandle against

13

does not make clear whether the <u>Jackson</u> defendants attempted to

"reserve" the pertinent defenses in the relevant motions or instead

attempted to "reserve the right to raise" those defenses. <u>See</u> <u>id.</u>

("The clear language of R.12(b) requires that the [pertinent

defenses] be made before or concurrently with the responsive

---

a lessor, the lessor included the following language in his
original answer: 'By fully answering herein, Defendant does not
waive and hereby specifically reserves . . . the following
defenses: . . . insufficiency of process [and] insufficiency of
service of process. . . .'" (ellipses and alteration in original)),
<u>with</u> <u>Panhandle</u>, 323 F.2d at 81 (explaining that the defendant
"qualif[ied] his pleading by stating: '1. By fully answering
herein, defendant does not waive and hereby specifically reserves
<u>and relies upon</u> the following defenses: . . . insufficiency of
process; insufficiency of service of process'" (emphasis added)).
Moreover, <u>Panhandle</u> — which predates the Rule amendments that
resulted in the current version of Rule 12(h)(1) — did not address
whether the defendant waived its insufficiency of service defense
under Rule 12(h).  Instead, <u>Panhandle</u> evaluated whether, in the
case's "rather unusual circumstances," the plaintiff failed to
commence the action within the relevant statute of limitations.
<u>Id.</u> at 80.  Whether the action commenced within the applicable time
period "is dependent upon the effect an answer filed under Rule
12(b), F.R.Civ.P., and reserving a claim to insufficiency of
process has in diversity cases where such answer is filed after
insufficient process is made and before valid process is obtained,
all in a jurisdiction where the filing of an answer under state law
submits the pleader to the jurisdiction of the court for all
purposes."  <u>Id.</u> at 82; <u>see also</u> <u>id.</u> at 83 ("[I]t is apparent that
the action is barred unless [the defendant's] reservation of the
defense of invalid service was insufficient to preserve the running
of the period of limitation.").  Finally, and notably, the
<u>Panhandle</u> plaintiff did not contend that the defendant had waived
either its statute of limitations or insufficiency of service
defenses, but instead contended that, under Rule 12(b), "the
blanket pleading of the reservation of special defenses under the
rule did not give fair notice to [the plaintiff] of the nature of
the claim to invalidity of process."  <u>Id.</u>  Accordingly, <u>Panhandle</u>
sheds little light on whether, under Rule 12(h)(1), a defendant can
"reserve the right" to assert a waiveable defense.

14

pleading, either by motion or within the responsive pleading. In this instance the first responsive pleading is the [d]efendants' original answer. While the [d]efendants' answer fails to raise these defenses or objections, their pre-answer Motion for 60 Day Response Date attempts to specifically reserve them. Thereafter, each of the [d]efendants' [two post-answer] rule 12 motions . . . contain similar reservation language. The defense is finally raised in [a third post-answer Rule 12 motion]. Thus the question arises whether the Defendants may specifically reserve these defenses."). Even if <u>Jackson</u> involved, as here, an attempt to reserve the right to bring a waiveable defense, the Court would decline to follow it. Put simply, such an approach contravenes both Rule 12(h), which requires the assertion of waiveable defenses in either a pre-answer dismissal motion or the answer, <u>see</u> Fed. R. Civ. P. 12(h)(1), as well as Rule 12(g), which requires consolidation of Rule 12(b)(2)-(5) defenses in one dismissal motion, <u>see</u> Fed. R. Civ. P. 12(g)(2). In sum, the weight of persuasive authority counsels towards finding waiver where, as here, a party attempts to reserve the right to raise a waiveable defense.

A close reading of Smith's purported reservation in light of the text of Rule 12 also supports the view that he has waived any insufficient service defense. Pursuant to Rule 12(b), "[e]very defense . . . must be asserted in the [answer]" or pre-answer

15

motion.  See also Fed. R. Civ. P. 12(b) (explaining that "a party may assert the [Rule 12(b)(1)-(7)] defenses by motion" and that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed").  According to Black's Law Dictionary, "assert" means "[t]o state positively" and "[t]o invoke or enforce (a legal right)."  Assert, Black's Law Dictionary (8th ed. 2004).  In ordinary language, "assert" means to "[s]tate a fact or belief confidently and forcefully."  Assert, Oxford Dictionaries, http://www.oxforddictionaries.com/definition/ english/assert (last visited August 23, 2016).  Thus, through its "assert" requirement, Rule 12(b) mandates that a party affirmatively and directly invoke each defense upon which he relies in either his pre-answer dismissal motion or, in the absence of such motion, his answer.[8]

"By contrast, to 'reserve' something . . . is '[t]o keep back, to retain, to keep in store for future or special use, and to retain or hold over to a future time.'"  Hunter, 2009 WL 2858089,

---

[8]  Decisions analyzing waiver frequently resonate with this understanding of Rule 12 as requiring direct, express challenges. See, e.g., Bethlehem Steel Corp., 389 F.2d at 46 ("[S]ince no attack on personal jurisdiction was made in a pre-answer motion or in the answer itself, the defense of lack of jurisdiction over the person is waived.  Fed. R. Civ. P. 12(h)."); Myers v. Ozmint, Civ. Action No. 9:07-1131, 2007 WL 2978662, at *5 (D.S.C. Oct. 10, 2007) (explaining that a defendant can only pursue dismissal on Rule 12(b)(2) grounds after answering "if the defendant/movant's previously-filed answer expressly includes the lack of personal jurisdiction as an affirmative defense" (emphasis omitted)), aff'd, 310 F. App'x 564 (4th Cir. 2008).

at *2 (final alteration in original) (quoting <u>Black's Law</u> <u>Dictionary</u> 1473 (4th ed. 1968)); <u>see also</u> <u>id.</u> (explaining that "[t]o 'reserve' an issue has no quality of present demand for some action by the [c]ourt"). In other words, to reserve something means "[t]o keep back or set aside for future use or for a later occasion; to put by, store up; to refrain from using, deploying, etc., immediately." <u>Reserve</u>, <u>Oxford English Dictionary</u>, http://www.oed.com/view/Entry/163504 (last visited August 23, 2016). Thus, at best, to "reserve[] the right to challenge service" (Docket Entry 70 at 1 n.1) means that, although not presently challenging service, Smith retains for potential future use the ability to challenge service. From a purely textual perspective, this approach departs markedly from asserting — that is, affirmatively invoking — a Rule 12(b)(5) insufficiency of service of process defense. Accordingly, a textual analysis of Rule 12 counsels a finding of waiver when, in its answer or pre-answer dismissal motion, a party purports to reserve the right to raise a waiveable defense.

Likewise, the policy underlying Rule 12 supports the conclusion that Smith waived his service of process defense. Rule 12 seeks to avoid both "piecemeal consideration of a case" and delay in asserting the Rule 12(b)(2)-(5) defenses, which "are of such a character that they should not be delayed." Fed. R. Civ. P. 12 advisory committee's notes, 1966 Amendment Subdivisions (g),

(h); see also Manchester Knitted Fashions, 967 F.2d at 691 ("The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits."). As the United States Supreme Court long ago recognized in discussing one of these waiveable defenses:

> We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits. . . . To hold that such a privilege may be retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure and make for harmful delay and confusion.

Commercial Cas. Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179-80 (1929).[9] To permit a party to reserve the right to raise a waiveable defense undercuts fundamental Rule 12 principles. See Branson, 2016 WL 3190222, at *3 (observing that Rule 12(h) simplifies and expedites proceedings by ensuring that litigants do not delay consideration of the Rule 12(b)(2)-(5) threshold issues); see also Frye v. Ulrich GmbH & Co. KG, No. 3:08-CV-158, 2010 WL 1294138, at *1 (M.D. Ala. Mar. 30, 2010) ("The text of Rule 12 does not permit a litigant to obviate the waiver-and-consolidation provisions merely by saying that they do not apply, and allowing a

---

9 "Because challenges to jurisdiction over the person, venue, insufficiency of process and insufficiency of service of process are all waived under [Rule] 12(h)(1), the jurisprudence discussing waiver to any of the above applies by analogy to waiver of" the other defenses. Manchester Knitted Fashions, 967 F.2d at 693 n.7.

litigant to do so would frustrate the underlying policy of the waiver-and-consolidation provisions, which is to encourage the consolidation of motions and discourage the dilatory tactic of making them in a series.").

The circumstances of this case make clear the impropriety of permitting such reservations. This action has been pending for more than two and a half years, and the potential service defect first became evident more than two years ago (see Docket Entry 23). Smith knew of this defect when he filed his Answer (see Docket Entry 70 at 1 n.1), and, at a minimum, he possessed notice of this defect when he filed the September 2015 and November 2015 pre-answer filings (see Docket Entries 60, 62) in which, counsel now contends, Smith participated "due to . . . oversight . . . [and] excusable neglect" (Docket Entry 76 at 3 (emphasis omitted)). Yet, notwithstanding this notice and allegedly inadvertent participation, Smith failed to bring a Rule 12(b)(5) motion prior to filing his Answer in April 2016. (See Docket Entries dated Feb. 10, 2014, to Apr. 22, 2016.) Smith further failed to raise an insufficiency of service of process defense in his Answer, although he raised multiple other affirmative defenses therein. (See Docket Entry 70.)[10] To permit Smith to hereafter raise an insufficiency

_____

10 In addition, Smith continues to participate in this litigation while purporting to "expressly reserve[] the right to challenge service of process" (Docket Entry 76 at 1 n.1; Docket Entry 75 at 1 n.1 (same) (opposing summary judgment motion)), without actually presenting such a challenge to the Court (see

of service of process defense would flout both the text and spirit of Rule 12 and result in further delay.

In light of the foregoing, the Court concludes that Smith waived his insufficiency of service of process defense pursuant to Rule 12(h)(1). Accordingly, the Court will deny as moot the Petition. Finally, although Smith relinquished his right to contest the sufficiency of service under Rule 12(h)(1), in the interests of judicial efficiency, the Court will, as Smith requests, permit him "time to complete and file a waiver of service" (Docket Entry 76 at 8).

## <u>CONCLUSION</u>

In his Answer, Smith asserted multiple affirmative defenses, but only purported to "reserve[] the right to challenge service of process" (Docket Entry 70 at 1 n.1). In accord with the weight of authority, as well as the language and policy of Rule 12, the Court concludes that Smith's attempt to reserve the right to bring a waiveable defense contravenes Rule 12(h)(1). Smith thus has waived his Rule 12(b)(5) insufficiency of service of process defense.

**IT IS THEREFORE ORDERED** that the Petition (Docket Entry 73) is **DENIED AS MOOT.**

---

Docket Entries dated Apr. 22, 2016, to present).

20

**IT IS FURTHER ORDERED** that Smith shall file a completed waiver of service by September 6, 2016.

This 23rd day of August, 2016.

_____/s/ L. Patrick Auld_____

**L. Patrick Auld**
**United States Magistrate Judge**